

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Corporation Counsel*

**COREY S. SHOOCK**
*Senior Counsel*
phone: (212) 356-5051
fax: (212) 356-1148
cshoock@law.nyc.gov

November 5, 2021

**BY ECF**
Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Miriam Moskowicz v. City of New York, et al.
          17-CV-3074 (WFK) (SJB)

Your Honor:

I am a Senior Counsel in the Office of the Corporation Counsel of the City of New York, and the attorney assigned to represent defendants in the above-referenced matter. Defendants write to respectfully request that discovery be extended from November 10, 2021 to and including January 5, 2022 for the purpose of conducting plaintiff's deposition. Defendants have requested plaintiff's position on their application for an extension, but have not yet received a response.

As the Court is aware, on August 11, 2021, Your Honor granted defendants' August 10, 2021 application to extend discovery to November 10, 2021. (See ECF Order dated August 11, 2021; ECF No. 75.) Defendants' August 10th request was premised upon the need for the undersigned to familiarize himself with the file, having been recently assigned to this case as well as to prepare documents for production pursuant to the Court's Order dated May 14, 2021, and to depose plaintiff. (See ECF No. 75.) At this point, the only thing remaining to be completed is plaintiff's deposition.

Defendants have engaged in extensive correspondence with plaintiff *pro se* directed toward scheduling her deposition, including in emails dated August 10, August 11, September 9, October 13, October 22, and November 3, 2021. Plaintiff has offered a variety of reasons for why she would not schedule this deposition, including medical issues, religious holiday observances, the need to first consult with the Federal Pro Se Assistance Project, and her

anticipated request for the Court's assistance in arranging an accommodation.[1] Additionally, beginning with an October 22nd email, plaintiff refused to schedule a deposition until she received additional document discovery.

While there is no provision in the Federal Rules of Civil Procedure to support plaintiff's demand that she receive discovery prior to sitting for a deposition, nevertheless, on November 3, 2021, defendants produced approximately 1,500 pages of documents to plaintiff, including records from the Administration for Children's Services ("ACS"), personnel evaluations for the individual defendants, disciplinary histories for the New York City Police Department ("NYPD") defendants, and NYPD records pertaining to the Family Court warrant that was executed pursuant to the ACS case at issue in this litigation on May 19, 2014.[2] Accordingly, there should be no further impediments to plaintiff scheduling her deposition.

In conclusion, defendants respectfully request that the Court extend discovery from November 10, 2021 to and including January 5, 2022 for the purposes of deposing plaintiff. Defendants submit that the requested extension should allow plaintiff time to consult with the Pro Se Assistance Project and/or to seek whatever accommodations that she believes is necessary prior to appearing for a deposition.

Defendants thank the Court for its attention to this matter.

Respectfully submitted,

*Corey S. Shoock*            /s

Corey S. Shoock
*Senior Counsel*
Special Federal Litigation Division

cc:     Miriam Moskowicz (By Mail and Email)
        *Plaintiff, Pro Se*
        1274 49th Street, Suite 335
        Brooklyn, New York 11219
        mminbrooklyn@gmail.com

---

[1] Despite informing defendants of her intent to seek the Court's assistance with respect to an accommodation for her deposition, plaintiff has not filed any such request to the docket. Defendants reserve their right to object to the provisions of any requested assistance pending their review of such an application.

[2] On October 22, 2021, the undersigned emailed plaintiff a proposed "Stipulation and Order Concerning Protocol for Conducting Remote Depositions" that would permit this deposition to occur pursuant to Rule 30(b)(4). Plaintiff has not returned an executed copy of this stipulation nor has plaintiff informed defendants of any objections to its provisions.